Brian P. Kinder, Esq., Bar No. 212332
THE KINDER LAW GROUP
A PROFESSIONAL LAW CORPORATION
19200 Von Karman, Fourth Floor
Irvine, California 92612
Telephone: (949) 216-3070
Facsimile: (949) 216-3074
Email: bkinder@tklglaw.com

Attorney for Plaintiff Nova Ortho-Med Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVA ORTHO-MED INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARYA FARINPOUR, an individual, and DOES 1 - 10,<br><br>Defendant. | Case No. 2:15-CV-7422<br><br>COMPLAINT FOR:<br><br>(1) CYBERSQUATTING (15 U.S.C. § 1125(d)(1)(A));<br>(2) FEDERAL FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a));<br>(3) FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a));<br>(4) CALIFORINIA STATUTORY UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200 et seq.);<br>(5) CALIFORNIA STATUTORY FALSE ADVERTISING (Cal. Bus. & Prof. Code § 17500 et seq.);<br>(6) CALIFORNIA COMMON LAW TRADEMARK INFRINGMENT;<br>(7) CALIFORNIA COMMON LAW UNFAIR COMPETITION; AND<br>(8) UNJUST ENRICHMENT.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, NOVA ORTHO-MED INC. ("Nova" or "Plaintiff"), by and through its attorneys, The Kinder Law Group, APC, files its complaint against Defendant ARYA FARINPOUR ("Farinpour" or "Defendant") as follows:

1

*COMPLAINT*

## SUBJECT MATTER JURISDICTION AND VENUE

1. This is an action for cybersquatting under 15 U.S.C. § 1125(d) and for trademark infringement and unfair competition under California Business & Professional Code § 17200 and California common law. This Court has subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

2. This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law of the State of California pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim and the threatened and actual harm to Plaintiffs occurred in this District by reason of Defendant's conduct as alleged below. Venue is also proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because Defendant operates an office in this District and reside in this District.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff is a California corporation doing business as NOVA MEDICAL PRODUCTS, with a principal place of business in Carson, California.

5. Defendant Farinpour is an individual residing at 22346 Mayall Street, Chatsworth, CA 91311. This Court has personal jurisdiction over Defendant because he conducts substantial business within this district related to the unlawful activities at issue in this Complaint, and operates an office, within this district. The harm suffered by Plaintiff flows directly from the business conducted by this Defendant within this district.

6. The true names and capacities of Defendant DOES 1 through 10, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who therefore sue such Defendants by such fictitious names. Plaintiff will seek leave of this Court to amend this Complaint to show said Defendant's true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and upon such information and belief alleges that each of the Defendants named herein as DOES 1 through 10, inclusive, were, and are in some manner responsible for the actions, acts, and omissions herein alleged, and for the damage caused by the Defendants and are, therefore, jointly and severally liable for the damages caused to Plaintiff.

8. Plaintiff is informed and believes, and upon such information and belief, alleges that at all times mentioned herein, Defendant, was the agent, employee, and officer of each of the remaining Defendants and in doing the things herein alleged, were acting within the scope, course, and purpose of said agency or employment, and with permission and consent of each of the remaining Defendants.

9. Plaintiff is informed and believes and upon such information and belief alleges that each of the Defendants, including DOES 1 through 10, inclusive, were, and at all times herein mentioned, acting in concert and in conspiracy with each and every one of the named Defendants.

## FACTUAL ALLEGATIONS

### The Business of Plaintiff

10. Plaintiff Nova has been a leading innovator and manufacturer of mobility, bathroom safety, and independent living products (i.e., designer canes, rolling walkers, transport chairs, wheelchairs, bath safety cushions, and other mobility accessories) for over two decades. The company was started in 1993 and has grown substantially over the years with the mission of providing superior service and quality products for those living with physical challenges ("the NOVA Products and Services").

11. For many years, Nova has promoted the NOVA Products and Services under the trademarks and trade names NOVA, NOVA ORTHO-MED, and NOVA MEDICAL PRODUCTS (hereinafter "the NOVA Marks"). The NOVA Marks were first used by Plaintiff as early as 1993 when the company first began conducting business. Upon formation of the company in 1993, Plaintiff featured the NOVA Marks on promotional materials, in advertisements and on products. Presently, Plaintiff uses the NOVA Marks throughout the United States in connection with retail sales of products for persons with physical challenges. The NOVA Marks are well known and recognized among consumers within the industry. The NOVA Marks are unique and distinctive and, as such, designate a single source of origin. As a result of Nova's use of the NOVA Marks for more than two decades, Plaintiff has acquired substantial goodwill in and to the NOVA Marks.

12. A substantial part of Nova's success and growth over the years is attributed to Nova's creation and operation of a website located at various domain names, including, <www.NovaMedicalProducts.com> and <www.NovaOrthoMed.com> (hereinafter collectively referred to as the "Infringing Domain Names"). Approximately ten years ago, Plaintiff registered the Infringing Domain Names and commissioned the design of a website. Through the website corresponding to the Infringing Domain Names, Nova promoted the Nova Products and Services under the NOVA Marks.

13. Plaintiff has spent many thousands of dollars each year since 1993 to extensively advertise and promote the NOVA Products and Services featuring the NOVA Marks throughout the United States, including, without limitation, advertisements, direct mailers, trade shows, conferences, and the Internet through the Infringing Domain Names. As a result of Plaintiff's extensive and exclusive use, the NOVA Marks have developed tremendous goodwill in the market and are extremely valuable. Plaintiff expends a substantial amount of time and money into enhancing the NOVA Marks' distinctiveness in the marketplace. As a result, the NOVA Marks

symbolize tremendous goodwill and are a property right of significant value to Plaintiff.

### The Business of Defendants

14. Defendant Farinpour is an independent consultant who provides IT related services to companies within this judicial district. Defendant operates a website at www.farinpour.com whereon Defendant promotes the IT services offerings.

15. Years ago, Plaintiff entered into a written agreement with Defendant whereby Plaintiff outsourced support for certain technology systems to Defendant. Over the course of Defendant's performance of the agreement, Defendant gained access to the login information for Plaintiff's domain name host GoDaddy® and the corresponding WHOIS information records pertaining to the Infringing Domain Names. Without Plaintiff's knowledge or authorization, Defendant changed the WHOIS information pertaining to the Infringing Domain Names so as to remove Plaintiff as the owner and instead replace himself personally as the owner.

16. Defendant provided technical services to Plaintiff throughout the years until Plaintiff determined in December 2014 to discontinue Defendant's services. During the relationship, Plaintiff kept current on all invoices issued for agreed charges. Upon Plaintiff's decision to discontinue Defendant's services, however, Defendant claimed that Defendant had not properly invoiced Plaintiff for many years. Defendant demanded in excess of forty thousand dollars (US$40,000), included in which was a claim for a four percent (4%) increase applied retroactively to all previously paid invoices.

### Defendant's Wrongful Conduct

17. Because Defendant is identified as the owner of the Infringing Domain Names within the WHOIS records, Plaintiff is unable to exercise control over the same. Defendant not only presently maintains control of the Infringing Domain Names, but has refused to relinquish the owner to Plaintiff. Defendant has also

communicated to Plaintiff the threat of taking down Plaintiff's internet presence associated with the Infringing Domain Names - which would cause immediate, substantial and irreparable harm to Plaintiff if Defendant's extortive threat were carried out.

18. As a result of Defendant's wrongful exercise of control over the Infringing Domain Names, Plaintiff's main Internet website using the NOVA Marks and featuring information about Plaintiff's services and products is now being used by Defendant. Accordingly, Plaintiff was forced to register another domain name <www.novajoy.com> - to hose Plaintiff's website. Hereinafter, this alternate domain name is referred to as the "Substitute Domain Name."

19. Plaintiff was forced to register the Substitute Domain Name and Plaintiff's website now resides at the same. Plaintiff is informed and believes, and on that basis alleges, that Defendant presently continues to maintain control over the Infringing Domain Names and is preventing Plaintiff from exercising control over the same and the corresponding websites. Defendant registered the Infringing Domain Names for his own use, with plans to hold the Infringing Domain Names ransom from Plaintiff in bad faith with intent to profit. Plaintiff did not authorize Defendant to change the registration information for the Infringing Domain Names.

20. Plaintiff did not authorize Defendant to use the NOVA Marks in any way, including, exercising control over the Infringing Domain Names so as to thereby control the corresponding websites. By maintaining control of the Infringing Domain Names, Defendant is the entity responsible for using the corresponding website and the NOVA Marks that appear thereon. As a result, Plaintiff is engaged in cybersquatting, trademark infringement and unfair competition.

21. Plaintiff is informed and believes and on that basis alleges that Defendant has a pattern of practice of changing the domain name ownership records of Defendant's customers to identify Defendant as the owner and then exercising control and use of the customer's corresponding websites.

22. Plaintiff is informed and believes and on that basis alleges that the Infringing Domain Names are being used by Defendant to coerce Plaintiff into tendering monies to Defendant that Defendant has not earned.

23. Defendant is using the Infringing Domain Names in bad faith to profit by holding the Infringing Domain Names ransom consistent with the holding of *DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213 (9th Cir. 2010).

24. Defendant has refused to relinquish control of the Infringing Domain Names to Plaintiff in an effort to coerce Plaintiff into payment of monies that Defendant has not earned.

### Harm to Plaintiff and the General Public

25. Defendant's unauthorized registration and use of the Infringing Domain Names are likely to cause confusion, mistake, and deception as to the source or origin of the Infringing Domain Names and the corresponding websites, and is likely to falsely suggest a sponsorship, connection, license, or association of Defendant, and the Infringing Domain Names and websites with Plaintiff.

26. Defendant's activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and the long-used NOVA Marks.

27. Defendant's activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public who has an inherent interest in being free from confusion, mistake, and deception.

### COUNT I – CYBERSQUATTING
### (15 U.S.C. § 1125(d))

28. Plaintiff alleges and incorporates by reference Paragraphs 1 through 27 as though fully set forth here.

29. Plaintiff is informed and believes and on that basis alleges that Defendant registered and used the Infringing Domain Names and corresponding websites.

30. The NOVA Marks were distinctive at the time Defendant registered and used the Infringing Domain Names.

31. The Infringing Domain Names and corresponding websites are confusingly similar to the NOVA Marks.

32. Plaintiff is informed and believes, and on that basis alleges, that Defendant has registered, trafficked in, or used the Infringing Domain Names in bad faith and with a bad faith intent to profit from the goodwill long established by Plaintiff in the NOVA Marks.

33. Defendant does not have any intellectual property rights or any other rights in the NOVA Marks.

34. Plaintiff is informed and believes and on that basis alleges that the Infringing Domain Names do not consist of the legal name of Defendant, nor a name that is otherwise commonly used to identify Defendant.

35. Plaintiff is informed and believes and on that basis alleges that Defendant has not made any prior use of the Infringing Domain Names in connection with the bona fide offering of any goods or services.

36. Plaintiff is informed and believes and on that basis alleges that Defendant has not made any bona fide fair use of the NOVA Marks.

37. Plaintiff is informed and believes and on that basis alleges that Defendant registered and used the Infringing Domain Names to divert consumers from Nova's website to a website accessible under the Infringing Domain Names for Defendant's commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the website.

38. Defendant's registration, use, or trafficking in the Infringing Domain Names constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Plaintiff to relief.

39. By reason of Defendant's acts alleged herein, Plaintiff's remedy at law is not adequate to compensate for the injuries inflicted by Defendant. Accordingly,

Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

40. By reason of Defendant's acts alleged herein, Plaintiff is entitled to recover Defendant's profits, actual damages and the costs of the action, or statutory damages under 15 U.S.C. § 1117, on election by Plaintiff, in an amount of one hundred thousand dollars ($100,000) per domain name infringement.

41. This is an exceptional case making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## COUNT II – FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

42. Plaintiff alleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 41 of this Complaint as though fully set forth here.

43. Defendant's use in commerce of the NOVA Marks and the Infringing Domain Names are likely to cause confusion, or to cause mistake, or to deceive the relevant public that the Infringing Domain Names and corresponding website under the control of Defendant is authorized, sponsored or approved by or are affiliated with Plaintiff.

44. The above-described acts of Defendant constitute trademark infringement of the NOVA Marks and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Plaintiff to relief.

45. Defendant seeks to unfairly profit from the actions alleged herein.

46. By reason of Defendant's acts alleged herein, Plaintiff has suffered damage to the goodwill associated with the NOVA Marks.

47. Defendant's activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and its long-used NOVA Marks.

THE KINDER LAW GROUP
A PROFESSIONAL LAW CORPORATION
19200 VON KARMAN, FOURTH FLOOR
IRVINE, CALIFORNIA 92612

48. Defendant's activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

49. By reason of Defendant's acts alleged herein, Plaintiff's remedy at law is not adequate to compensate for the injuries inflicted by Defendant. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

50. By reason of Defendant's willful acts, Plaintiff is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

51. This is an exceptional case making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## COUNT III – CALIFORNIA TRADEMARK INFRINGEMENT
### (Common Law)

52. Plaintiff alleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53. Defendant has used in commerce, and continues to use in commerce, the NOVA Marks and the Infringing Domain Names in connection with the operation of a website.

54. Defendant's use in commerce of the NOVA Marks and the Infringing Domain Names in connection with the website is likely to cause confusion or mistake or to deceive as to the source of origin of the website.

55. The above-described acts of Defendant constitute trademark infringement in violation of the laws of the State of California, entitling Plaintiff to relief.

56. Defendant seeks to unfairly profit from the actions alleged herein.

57. By reason of Defendant's acts alleged herein, Plaintiff has suffered damage to the goodwill associated with the NOVA Marks and have suffered irreparable harm.

58. By reason of Defendant's acts alleged herein, Plaintiff's remedy at law is not adequate to compensate for the injuries inflicted by Defendant. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to California Business & Professions Code § 14335.

## COUNT IV – CALIFORNIA UNFAIR COMPETITION
### (Cal. Bus. & Prof. Code § 17200 et seq)

59. Plaintiff alleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 58 of this Complaint as though fully set forth herein.

60. Defendant has infringed the NOVA Marks in violation of Plaintiff's proprietary rights. Such acts constitute unfair trade practices and unfair competition under California Business and Professions Code § 17200 et seq., and under the common law of the State of California, entitling Plaintiff to relief.

61. Pursuant to California Business and Professions Code § 17203, Defendant is required to disgorge and restore to Plaintiff all profits and property acquired by means of Defendant's unfair competition.

62. Due to the conduct of Defendant, Plaintiff has suffered irreparable harm, has suffered injury in fact and has lost money or property as a result of Defendant's acts of unfair business practices alleged herein. It would be difficult to ascertain the amount of money damages that would afford Plaintiff adequate relief at law for Defendant's acts. Plaintiff's remedy at law is not adequate to compensate Plaintiff for the injuries inflicted by Defendant. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to California Business and Professions Code § 17203.

THE KINDER LAW GROUP
A PROFESSIONAL LAW CORPORATION
19200 VON KARMAN, FOURTH FLOOR
IRVINE, CALIFORNIA 92612

63. Plaintiff is informed and believes and on that basis alleges that Defendant's conduct has been intentional and willful and in conscious disregard of Plaintiff's rights and, therefore, Plaintiff is entitled to attorneys' fees.

### COUNT V – DECLARATORY RELIEF

64. Plaintiff alleges and incorporates by reference Paragraphs 1 through 64 as though fully set forth here.

65. Defendant contends that Plaintiff owes Defendant compensation under an agreement between the parties. Plaintiff rejects Defendant's contentions and desires a judicial determination of the rights and duties of the parties. Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

66. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties.

67. Plaintiff seeks a declaration from this Court that Plaintiff owes nothing to Defendant pursuant to any agreement between the parties.

### REQUEST FOR RELIEF

NOW THEREFORE, Plaintiff respectfully requests judgment against Defendants, and each of them, as follows:

1. The Court enters a judgment in favor of Plaintiff stating that Plaintiff owes nothing to Defendant under any agreement between the parties;

2. The Court enter judgment against Defendant stating that Defendant has violated and infringed the trademark rights of Plaintiff in and to the NOVA Marks in violation of 15 U.S.C. § 1125(d);

3. That Defendant be ordered to transfer to Plaintiff every domain name Defendant owns which is identical or confusingly similar to the NOVA Marks;

4.  That Defendant be ordered to account to Plaintiff for, and disgorge, all profits Defendant has derived by reason of the unlawful acts complained of above;

5.  That Defendant be ordered to pay damages, and that those damages be trebled, under 15 U.S.C. § 1117;

6.  That Defendant be ordered to pay statutory damages under 15 U.S.C. § 1117(d), on election by Plaintiff, in an amount of One Hundred Thousand Dollars ($100,000) per domain name infringement;

7.  That Defendant be ordered to pay Plaintiff's reasonable attorney fees, prejudgment interest, and costs of this action under 15 U.S.C. § 1117, California Business and Professions Code § 17200, and under the California common law;

8.  That Defendant be ordered to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction and judgment within thirty (30) days after the service of the injunction and judgment upon Defendant; and

9.  That Plaintiff be awarded such other relief as may be appropriate.

Dated: September 22, 2015

THE KINDER LAW GROUP
By:

Brian P. Kinder, Esq.
19200 Von Karman, Fourth Floor
Irvine, California 92612
O: (949) 216-3070
F: (949) 216-3074
E: bkinder@tklglaw.com

Attorney for Plaintiff
Nova Ortho-Med, Inc.

# DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. Proc. 38, Plaintiff demands a trial by jury on all claims and issues triable to a jury in this action.

Dated: September 22, 2015     THE KINDER LAW GROUP

By: *[signature]*

Brian P. Kinder, Esq.
19200 Von Karman, Fourth Floor
Irvine, California 92612
O: (949) 216-3070
F: (949) 216-3074
E: bkinder@tklglaw.com

Attorney for Plaintiff
Nova Ortho-Med, Inc.