JOHN P. BYRNE, SBN 134412
The ByrneLaw Office.
24011 Ventura Blvd., Ste. 201
Calabasas, CA 91302
(818) 593-5520
John.Byrne@byrnelawcorp.com

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVA ORTHO-MED, INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ARYA FARINPOUR, an individual, et. al.,<br><br>    Defendant.<br><br>_____<br><br>ARYA FARINPOUR, an individual,<br><br>    Counter-claimant,<br><br>vs.<br><br>NOVA ORTHO-MED, INC., a California corporation,<br><br>    Cross-defendant | Case No. 2:15-CV-7422 RGK (AFMx)<br><br>**ANSWER OF DEFENDANT ARYA FARINPOUR AND COUNTERCLAIM FOR BREACH OF CONTRACT** |

Defendant Arya Farinpour answers and counterclaims as follows:

## JURISDICTION

1. Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 1, and on that basis denies those allegations.

2. Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 2, and on that basis denies those allegations.

3. Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 3, and on that basis denies those allegations.

## ANSWER TO THE FIRST CLAIM FOR RELIEF

4. Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 4, and on that basis denies those allegations.

5. Defendant denies all allegations other than the address of its residence.

6. Defendant admits venue is proper.

7. Defendant denies such allegations.

8. Defendant denies such allegations.

9. Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 9, and on that basis denies those allegations.

10. Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis denies those allegations.

11. Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis denies those allegations.

12. Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis denies those allegations.

13. Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis denies those allegations.

14. Defendant admits such allegations.

15. Defendant denies such allegations.

16. Defendant denies such allegations.

17. Defendant denies such allegations.

18. Defendant denies such allegations.

19. Defendant denies such allegations.

20. Defendant denies such allegations.

21. Defendant denies such allegations.

22. Defendant denies such allegations.

23. Defendant denies such allegations.

24. Defendant denies such allegations.

25. Defendant denies such allegations.

26. Defendant denies such allegations.

27. Defendant denies such allegations.

28. Defendant denies such allegations.

29. Defendant denies such allegations.

30. Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis denies those allegations.

31. Defendant denies such allegations.

32. Defendant denies such allegations.

33. Defendant denies such allegations.

34. Defendant denies such allegations.

35. Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis denies those allegations.

36. Defendant denies such allegations.

37. Defendant denies such allegations.

38. Defendant denies such allegations.

39. Defendant denies such allegations.

40. Defendant denies such allegations.

41. Defendant denies such allegations.

42. Defendant denies such allegations.

43. Defendant denies such allegations.

44. Defendant denies such allegations.

45. Defendant denies such allegations.

46. Defendant denies such allegations.

47. Defendant denies such allegations.

48. Defendant denies such allegations.

49. Defendant denies such allegations.

50. Defendant denies such allegations.

51. Defendant denies such allegations.

52. Defendant denies such allegations.

53. Defendant denies such allegations.

54. Defendant denies such allegations.

55. Defendant denies such allegations.

56. Defendant denies such allegations.

57. Defendant denies such allegations.

58. Defendant denies such allegations.

59. Defendant denies such allegations.

60. Defendant denies such allegations.

61. Defendant denies such allegations.

62. Defendant denies such allegations.

63. Defendant denies such allegations.

64. Defendant denies such allegations.

65. Defendant denies such allegations.

66. Defendant denies such allegations.

67. Defendant denies such allegations.

## FIRST AFFIRMATIVE DEFENSE

68. Plaintiff fails to state facts sufficient to state a claim for relief.

///

///

## SECOND AFFIRMATIVE DEFENSE

(Statutes of Limitations)

69. Plaintiff is barred from asserting some or all of the alleged claims for relief under all applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

(Laches)

70. Plaintiff is barred from asserting its alleged claims for relief based on its unreasonable delay in asserting them. Defendant relied to his detriment on Plaintiff's failure to assert its alleged rights and, then on Plaintiff's promises to negotiate settlement of the dispute, then on Plaintiff's promises to Defendant that an offer to settle was actually forthcoming; therefore, Plaintiff should be barred from raising some or all of the allegations contained in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

71. Plaintiff is estopped by its negligence and intentional acts to assert the alleged claim for relief in the Complaint. Among other things, at all times, Defendant was acting as Plaintiff's principal in doing the acts alleged in the Complaint and Defendant's registration of the Domain was done with the knowledge, consent and explicit request of Plaintiff. After,

Plaintiff wrongfully breached the parties' contract, Defendant maintained the domain for Plaintiff's benefit while Plaintiff promised to present Defendant with an offer to settle Defendant's bill for his services.

72. At all times relevant to the alleged cybersquatting, Defendant had invoices that were due, owing and unpaid. Plaintiff agreed by contract, and is so estopped, from claiming any duty was owed by Defendant at a time when Defendant's invoices were unpaid.

## FIFTH AFFIRMATIVE DEFENSE

(Waiver)

73. Plaintiff has waived, by its inaction, negligence and intentional acts, the alleged claim for relief alleged in the Complaint. Among other things, at all times, Defendant was acting as Plaintiff's principal in doing the acts alleged in the Complaint and Defendant's registration of the Domain was done with the knowledge, consent and explicit request of Plaintiff. After, Plaintiff wrongfully breached the parties' contract, Defendant maintained the domain for Plaintiff's benefit while Plaintiff promised to present Defendant with an offer to settle Defendant's bill for his services.

///

///

## SIXTH AFFIRMATIVE DEFENSE

(Privilege and Justification)

74. Defendant did not register, use or traffic in the domain name with a bad faith intent to profit. In fact, the domain name has no commercial benefit to Defendant at all, and therefore it is not making or seeking to make any money. Among other things, at all times, Defendant was acting as Plaintiff's principal in doing the acts alleged in the Complaint and Defendant's registration of the Domain was done with the knowledge, consent and explicit request of Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

(Contractual Limitation on Damages)

75. The parties agreed in a written agreement that Plaintiff's damages were limited.

## EIGHT AFFIRMATIVE DEFENSE

(Failure to Mitigate)

76. Plaintiff has failed to mitigate its alleged damages, if any.

///

///

///

///

## NINETH AFFIRMATIVE DEFENSE

(Set Off)

77. Some or all of the alleged damages suffered by Plaintiff, if such damages exist, are completely set off by the damages suffered by Defendant as alleged in Defendant's counterclaim.

## TENTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

78. Plaintiff knowingly and voluntarily assumed the risk of suffering its alleged damages. Among other things, at all times, Defendant was acting as Plaintiff's principal in doing the acts alleged in the Complaint and Defendant's registration of the Domain was done with the knowledge, consent and explicit request of Plaintiff. After, Plaintiff wrongfully breached the parties' contract, Defendant maintained the domain for Plaintiff's benefit while Plaintiff promised to present Defendant with an offer to settle Defendant's bill for his services.

## ELEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

79. Plaintiff are barred from recovering their alleged damages, if such damages exist, by its unclean hands. The complaint is a bad faith negotiating tactic that came at a time when Plaintiff was promising to settle

and pay Defendant's contract for services. These claims are an attempt to bully Defendant into settling on unfavorable terms.

## TWELTH AFFIRMATIVE DEFENSE

(Merger)

80. The respective rights and obligations of the parties are manifested in a written contract.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Master and Servant)

81. Defendant's acts alleged in the Complaint were done as an agent of Plaintiff in the course and scope of his agency for hire.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Contributory Negligence of Principal)

82. Plaintiff hired Defendant as its agent and directed him to do the acts alleged in the complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Ratification and Affirmance)

83. After knowing that Defendant had registered the domains, Plaintiff ratified Defendant's acts and affirmed them as entirely proper.

///

///

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Rights in Intellectual Property)

84. Plaintiff assigned to Defendant by written contract in the alleged intellectual property rights.

## COUNTERCLAIM

85. The Court has jurisdiction over this Counterclaim under 28 U.S.C. §1367.

86. Venue is proper under 28 U.S.C. § 1391.

## BREACH OF CONTRACT

87. On or about July 1, 2011, Defendant Arya Farinpour (hereafter, "Farinpour") and Plaintiff Nova-Ortho Med, Inc. (hereafter "Nova") entered a written contract (the "Services and Materials Contract").

88. A true and correct copy of the written agreement is attached hereto marked as Exhibit "1" and is incorporated herein as if set forth in full.

89. The Services and Materials Contract was and is supported by valuable consideration.

90. As more specifically set forth in the Services and Materials Contract, Nova hired Farinpour to provide technical support and materials at the request and under the direction of Nova.

91. Farinpour regularly provided his services under the Service's and Materials Contract for over three years, during which time he acted as a *de facto* employee of Nova.

92. At the request of Nova, and acting on behalf of Nova, Farinpour also entered year to year contracts with Key Information Systems for the purpose of hosting Nova's website server and firewall wherein Nova's website resided and Nova planned to have their new/future website reside.

93. With the knowledge and consent of Nova, Farinpour entered the Key Information Systems contracts in his own name but for the sole benefit of Nova.

94. In November, 2014, Nova requested Farinpour to renew the Key Information Systems contract for another year. Farinpour did so.

95. As of December, 2014, Farinpour had provided approximately $50,000 worth of services and materials.

96. In breach of the Services and Materials Contract, Nova has failed and refused since December 2014 to pay Farinpour.

97. As a result, Farinpour has been harmed in an amount exceeding $50,000.

98. The Services and Materials Contract provides Farinpour with the right to recover his attorney's fees and costs.

WHEREFORE, Farinpour prays for judgment as follows:

1. That Plaintiff take nothing by reason of its Complaint and that judgment be entered in favor of Defendant;

2. That Defendant recover costs of suit;

3. That Defendant recover attorneys' fees incurred by him in defending this action; and

4. That Defendant recover such further and other relief as the Court may deem just and proper.

5. On the Counterclaim, for a sum exceeding $50,000, for attorneys' fees, costs of suit and for such further and other relief as the Court may deem just and proper.

Dated: December 7, 2015

JOHN P. BYRNE
The ByrneLaw Office.

_____
John P. Byrne
Attorneys for Arya Farinpour

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Sonia Gomez declare:

I am employed in Los Angeles County. My present business address is 24011 Ventura Blvd., Ste. 201, Calabasas, California 91302, where this mailing occurred. I am over the age of 18 years and am not a party to this cause. I am readily familiar with the practices of collection and processing of correspondence for mailing with the United States Postal Service at this location. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On December 7, 2015, I served the foregoing documents, bearing the title **ANSWER OF DEFENDANT ARYA FARINPOUR AND COUNTERCLAIM FOR BREACH OF CONTRACT** on interested parties in this action

[X] by placing [ ] the original [X] a true copy thereof enclosed in a sealed envelope addressed as follows:

| Brian P. Kinder, Esq.<br>The Kindler Law Group, APC<br>19200 Von Karman Avenue, Fourth Floor<br>Irvine, CA 92612 | |

[X] **(BY FIRST CLASS PREPAID MAIL)** I placed such envelopes for collection and mailing on this date following ordinary business practices.

[] **(BY ONTRAC)** I placed such envelopes for collection and delivery via OnTrac (next day delivery) on this date.

[] **(BY PERSONAL SERVICE)** I caused the above document to be hand delivered to the offices above.

[] **(BY FACSIMILE TRANSMISSION)** I telecopied a true and correct copy of the document mentioned above to _____.

[] **(BY ELECTRONIC MAIL)** I E-mailed a true and correct copy of the document mentioned above to _____.

[X] I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on December 7, 2015, at Calabasas, California.

Sonia Gomez
PRINT OR TYPE NAME                                SIGNATURE