Brian P. Kinder (212332)
THE KINDER LAW GROUP, APC
19200 Von Karman Avenue, Fourth Floor
Irvine, California 92612
Telephone:  (949) 216-3070
Facsimile:   (949) 216-3074
Email:         bkinder@tklglaw.com

Attorneys for Plaintiff and
Counterclaim Defendant

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION – ROYBAL

| | |
|---|---|
| NOVA ORTHO-MED INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARYA FARINPOUR, an individual, and DOES 1 - 10,<br><br>　　　　Defendant.<br>_____<br>ARYA FARINPOUR, an individual,<br><br>　　　　Counter-claimant,<br><br>　　v.<br><br>NOVA ORTHO-MED INC., a California corporation,<br><br>　　　　Cross-defendant. | Case No. 2:15-CV-7422-RGK-AFM<br><br>NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIM FOR FAILURE TO STATE A CLAIM (RULE 12(b)(6))<br><br>**Date:　　Jan. 25, 2015**<br>**Time:　　9:00 a.m. (PST)**<br>**Place:　　Courtroom 850**<br><br>Case filed: September 22, 2015<br>Trial date: T.B.D.<br>Judge:　　Hon. R. Gary Klausner |



MOTION TO DISMISS COUNTERCLAIM
Case No.  2:15-CV -7422-RGK-AFM

1 TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

2 NOTICE IS HEREBY GIVEN that on January 25, 2015, at 9:00 a.m., in Courtroom 850 of the U.S. District Court, Central District of California, Western Division, located at 255 East Temple Street, Los Angeles, CA 90012-3332, before the Hon. District Court Judge R. Gary Klausner, Plaintiff and Counterclaim Defendant NOVA ORTHO-MED INC. (hereinafter "Nova"), by and through its attorneys, The Kinder Law Group, APC, will and hereby does move this Court to dismiss the Counterclaim filed by Defendant and Counterclaim Plaintiff ARYA FARINPOUR (hereinafter "Farinpour") pursuant to Fed. R. Civ. P. 12(b)(6).

The Counterclaim in this case asserts only one cause of action, namely, Breach of Contract. Moreover, while Farinpour alleges in the Counterclaim that the contract is attached as Exhibit 1 (see ¶ 88), the document is not attached. Accordingly, as set forth below, Nova moves to dismiss the Counterclaim on grounds that it fails to state a claim.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities; all of the pleadings, files and records in this proceedings; all other matter of which the Court may take judicial notice; and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

Respectfully submitted,

Dated: December 23, 2015  THE KINDER LAW GROUP, APC

By: _____
Brian P. Kinder, Esq.
Attorney for Plaintiff and Counterclaim
Defendant Nova Ortho-Med, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Farinpour has filed a total of four (4) documents with the Court in this matter – all of which are purported to be an Answer and Counterclaim (*See Dkt. Nos. 10, 11, 14 and 15*). When Farinpour filed two (*Dkt. Nos. 10 and 11*) of the four documents on November 18, 2015, the Court subsequently struck one or both documents by Order dated November 19, 2015 (*Dkt. No. 12*).

Farinpour then subsequently filed two (2) identical documents titled Answer and Counterclaim (*Dkt. Nos. 14 and 15*) on December 7, 2015. Each of the documents purports to include a Counterclaim with one cause of action for Breach of Contract. Moreover, in each of the documents, Farinpour purports to attach as Exhibit 1 the written agreement that Nova is alleged to have breached. (*See id., ¶ 88*). In reviewing each of the documents, however, Nova notes that no such Exhibit 1 is attached to either document. Accordingly, Nova submits asserts that the Counterclaim fails to state a valid claim for breach of contract.

## II. LEGAL ARGUMENT

To state a viable claim for breach of contract, a plaintiff must identify the contract at issue and the terms that allegedly have been breached. *See Mendoza v. Countrywide Home Loans, Inc.*, 2009 WL 4706350, at *3 (N.D. Cal. Dec. 3, 2009) (Dismissing breach claim where Plaintiffs fail to specify which documents constitute the contract that are the basis for this claim, and Plaintiffs fail to allege the specific terms of the contracts that have been breached"); *see also Campbell v. Allstate Ins. Cos.*, 1995 WL 376926, at *2 (C.D. Cal. May 17, 1995) ("California law establishes that in order to state a valid claim for breach of contract, 'the terms of the contract must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference.'" (*quoting*

*Otworth v. S. Pac. Trans. Co.,* 166 Cal. App. 3d 452, 458, 212 Cal. Rptr. 743, 747 (1985))). Farinpour has done neither. Specifically, the Counterclaim is devoid of any allegation as to what document(s) constitutes the contract at issue or the specific term(s) of any such contract that Nova allegedly breached. The confusion as to which document Farinpour intends to serve as a Counterclaim aside, the claim for Breach of Contract, and therefore their entire Counterclaim, should be dismissed.

### III. CONCLUSION

For the foregoing reasons, Farinpour fails to plead a claim within the Counterclaim upon which relief can be granted with respect to the claim for Breach of Contract. Nova respectfully requests, therefore, that the Court dismiss the Counterclaim in its entirety. Nova also respectfully requests that the Court require Farinpour to more clearly differentiate between the documents that are filed so as to enable Nova to respond to them appropriately.

Respectfully submitted,

Dated: December 23, 2015                THE KINDER LAW GROUP, APC

By: _____
Brian P. Kinder, Esq.
Attorney for Plaintiff and Counterclaim
Defendant Nova Ortho-Med, Inc.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 2, 2014, the foregoing NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIM AND PROPOSED ORDER was filed electronically with the Clerk of the Court via the CM/ECF filing system, to be served by operation of the Court's electronic filing system upon the following recipient:

> John P. Bryne, Esq.
> The BryneLaw Office
> 24011 Ventura Blvd., Suite 201
> Calabasas, CA 91302

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: December 23, 2015     /s/ _____

Brian P. Kinder, Esq.



MOTION TO DISMISS COUNTERCLAIM
Case No. 2:15-CV -7422-RGK-AFM            –4–