Brian P. Kinder (212332)
THE KINDER LAW GROUP, APC
19200 Von Karman Avenue, Fourth Floor
Irvine, California 92612
Telephone:  (949) 216-3070
Facsimile:  (949) 216-3074
Email:      bkinder@tklglaw.com

Attorneys for Plaintiff and
Counterclaim Defendant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION – ROYBAL

| | |
|---|---|
| NOVA ORTHO-MED INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ARYA FARINPOUR, an individual, and DOES 1 - 10,<br><br>    Defendant. | Case No. 2:15-CV-7422-RGK-AFM<br><br>ANSWER TO COUNTERCLAIM<br><br>**Date:      Jan. 25, 2015**<br>**Time:      9:00 a.m. (PST)**<br>**Place:     Courtroom 850** |
| ARYA FARINPOUR, an individual,<br><br>    Counter-claimant,<br><br>    v.<br><br>NOVA ORTHO-MED INC., a California corporation,<br><br>    Cross-defendant. | Case filed: September 22, 2015<br>Trial date: T.B.D.<br>Judge:      Hon. R. Gary Klausner |



ANSWER TO COUNTERCLAIM
Case No. 2:15-CV -7422-RGK-AFM

Counterdefendant Nova-Ortho Med, Inc. ("Counterdefendant") hereby responds to Counterclaimant Arya Farinpour's ("Counterclaimant") Counterclaim as follows:

1. Counterdefendant states that the allegations set forth in Paragraph 87 of the Counterclaim purport to state legal conclusions. Counterdefendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies those allegations.

2. Counterdefendant lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 88 of the Counterclaim, and on that basis denies those allegations.

3. Counterdefendant states that the allegations set forth in Paragraph 89 of the Counterclaim purport to state legal conclusions. Counterdefendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies those allegations.

4. Counterdefendant states that the allegations set forth in Paragraph 90 of the Counterclaim purport to state legal conclusions. Counterdefendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies those allegations.

5. Counterdefendant states that the allegations set forth in Paragraph 91 of the Counterclaim purport to state legal conclusions. Counterdefendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies those allegations.

6. Counterdefendant lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Counterclaim, and on that basis denies those allegations.

7. Counterdefendant lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 93 of the Counterclaim, and on that basis denies those allegations.

8. Counterdefendant lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 94 of the Counterclaim, and on that basis denies those allegations.

9. Counterdefendant lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 95 of the Counterclaim, and on that basis denies those allegations.

10. Counterdefendant denies the allegations set forth in Paragraph 96 of the Counterclaim.

11. Counterdefendant denies the allegations set forth in Paragraph 97 of the Counterclaim.

12. Counterdefendant states that the allegations set forth in Paragraph 98 of the Counterclaim purport to state legal conclusions. Counterdefendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies those allegations.

## AFFIRMATIVE DEFENSES

Counterdefendant sets forth below its affirmative defenses. By setting forth these affirmative defenses, Counterdefendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Counterclaimant. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is necessarily relevant to Counterclaimant's allegations. As separate and distinct affirmative defenses, Counterdefendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### UNCLEAN HANDS

Counterclaimant is not entitled to the relief Counterclaimant seeks under the doctrine of unclean hands, including, without limitation, Counterclaimant's

1 improper acts both before and after Counterdefendants' filing of the underlying
2 complaint in this action.

## SECOND AFFIRMATIVE DEFENSE
## FAILURE TO MITIGATE

Counterclaimant is not entitled to the relief Counterclaimant seeks to the extent that Counterclaimant has failed to take actions to mitigate damages.

## THIRD AFFIRMATIVE DEFENSE
## PRIOR MATERIAL BREACH

Counterclaimant is barred from recover because Counterclaimant materially breached any purported contract prior to any purported breach by Counterdefendant.

## FOURTH AFFIRMATIVE DEFENSE
## NO BREACH OF CONTRACT

Counterclaimant is barred from recover because Counterdefendant did not breach any purported contract between Counterclaimant and Counterdefendant.

## FIFTH AFFIRMATIVE DEFENSE
## UNJUST ENRICHMENT

Counterclaimant would be unjustly enriched in that Counterclaimant would receive more than owed to Counterclaimant by Counterdefendant (if anything) should Counterclaimant receive any award in this action.

## SIXTH AFFIRMATIVE DEFENSE
## ACQUIESCENCE

Counterclaimant is not entitled to the relief Counterclaimant seeks under the doctrine of acquiescence.



ANSWER TO COUNTERCLAIM
Case No. 2:15-CV -7422-RGK-AFM
–3–

## SEVENTH AFFIRMATIVE DEFENSE
## ESTOPPEL

Counterclaimant is not entitled to the relief Counterclaimant seeks under the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE
## WAIVER

Counterclaimant is not entitled to the relief Counterclaimant seeks under the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE
## SUFFICIENCY OF CONSIDERATION

Counterclaimant is not entitled to the relief Counterclaimant seeks because Counterclaimant received sufficient consideration.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Counterdefendant hereby gives notice that Counterdefendant intends to rely upon such other and further affirmative defenses as may become available during discovery proceedings in this case and hereby reserves rights to amend this Answer to assert such defenses.

**WHEREFORE**, having fully defended, Counterdefendants pray for judgment as follows:

1. That Counterclaimant take nothing by its Counterclaim, and that the Counterclaim be dismissed with prejudice;

2. That Counterdefendant be awarded costs of suit, including reasonable attorneys' fees; and



3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: February 11, 2016          THE KINDER LAW GROUP, APC

By: _____
Brian P. Kinder, Esq.
Attorney for Plaintiff and Counterclaim
Defendant Nova Ortho-Med, Inc.

# **DEMAND FOR JURY TRIAL**

Counterdefendants demand a trial by jury on all issues triable by jury.

Respectfully submitted,

Dated: February 11, 2016　　THE KINDER LAW GROUP, APC

By: _____
Brian P. Kinder, Esq.
Attorney for Plaintiff and Counterclaim
Defendant Nova Ortho-Med, Inc.

ANSWER TO COUNTERCLAIM
Case No. 2:15-CV -7422-RGK-AFM

—6—

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 11, 2016, the foregoing ANSWER TO COUNTERCLAIM was filed electronically with the Clerk of the Court via the CM/ECF filing system, to be served by operation of the Court's electronic filing system upon the following recipient:

> John P. Bryne, Esq.
> The BryneLaw Office
> 24011 Ventura Blvd., Suite 201
> Calabasas, CA 91302

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: February 11, 2016    /s/ _____
                            Brian P. Kinder, Esq.

