Brian P. Kinder, Esq. (SBN 212332)
THE KINDER LAW GROUP, APC
19200 Von Karman, Fourth Floor
Irvine, California 92612
Telephone: (949) 216-3070
Facsimile: (949) 216-3074
Email: bkinder@tklglaw.com

Attorney for Plaintiff

John P. Byrne, Esq. (SBN 134412)
THE BRYNELAW OFFICE
24011 Ventura Blvd., Suite 201
Calabasas, California 91302
Telephone: (818) 593-5520
Email: John.Bryne@brynelawcorp.com

Attorney for Defendant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVA ORTHO-MED INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ARYA FARINPOUR, an individual, and DOES 1 - 10,<br><br>　　　　　Defendant. | Case No. 2:15-CV-7422-RGK-AFM<br><br>**RULE 26(F) REPORT**<br><br>Case filed:　September 22, 2015<br>Trial date:　T.B.D.<br>Judge:　　　Hon. R. Gary Klausner |
| ARYA FARINPOUR, an individual,<br><br>　　　　　Counter-claimant,<br><br>　v.<br><br>NOVA ORTHO-MED INC., a California corporation,<br><br>　　　　　Cross-defendant. | |

Brian P. Kinder, attorney for Plaintiff has been unable to have a meeting of counsel with John Byrne, attorney for Defendant, due to Mr. Byrne being ill. The parties had a conference scheduled, but Mr. Byrne's reception informed Mr. Kinder that Mr. Byrne was unable to meet due to illness. Accordingly, Plaintiff submits the following report.

### 1. Summary of the Case:

This case involves claims by Plaintiff for cybersquatting, trademark infringement and unfair competition with a counterclaim for breach of contract by Defendant. On September 22, 2015, Plaintiff filed an action against Defendant under Federal and California State laws for cybersquatting, trademark infringement and unfair competition relating to the Defendant's control of the domain names <www.NovaMedicalProducts.com> and <www.NovaOrthoMed.com> and use of the website corresponding to the same, along with other claims for unfair competition. On January 11, 2016, Defendant filed his Answer with Affirmative Defenses and Counterclaim asserting a claim for breach of contract.

### a. Plaintiff's Claims and Defenses:

Plaintiff Nova is a leading manufacturer and distributor mobility, bathroom safety, and independent living products (i.e., designer canes, rolling walkers, transport chairs, wheelchairs, bath safety cushions, and other mobility accessories). Plaintiff started in 1993 and has continuously sold products and services under the NOVA trademark. Plaintiff was the owner of the domain names <www.NovaMedicalProducts.com> and <www.NovaOrthoMed.com> and used the domains to host a website where Plaintiff promoted and sold its products and services.

Plaintiff alleges that Defendant wrongfully took ownership of the domain names and refuses to transfer the same to Plaintiff. Moreover, by exercising control of the

domain names, Defendant is also using the corresponding websites and therefore is equally engaged in trademark infringement and unfair competition.

    **b.**    **Defendants' Claims and Defenses:**

To be included by Defendant.

**2.**    **Synopsis of the Principal Issues:**

The principal issues in this suit are as follows:

**Plaintiffs' Position**:

    A.    Ownership and control of the domain names;

    B.    If bad faith registration of the domain name(s) is found, what damages are available to Plaintiff;

    C.    Infringement of the NOVA Marks;

    A.    If infringement is found, whether such infringement was willful;

    B.    Whether or not Defendant's acts constitute Federal False Designation of Origin, Sponsorship, and Affiliation;

    C.    Whether or not Defendant's acts constitute State Unfair Competition;

    D.    Whether or not Defendant's acts constitute Common law Unfair Competition; and

    E.    If infringement and/or unfair competition are found, what damages have arisen therefrom, and whether the case is exceptional for reasonable attorney's fees and costs.

**Defendants' Position**:

    A.    To be inserted by Defendant.

/ / /

/ / /

/ / /

**3.  Additional Parties or Amending Pleadings:**

Plaintiff does not anticipate adding parties or amending the pleadings at this time.

**4.  Issues to be Determined by Motion:**

Based upon the information presently available, Plaintiff anticipates filing a motion for summary judgment upon conducting discovery.

**5.  Settlement Discussions and Recommended Settlement Procedure:**

The parties have engaged in initial settlement discussions, but have been unable to resolve the matter. Both sides agree that settlement is unlikely at this time.

Pursuant to Local Rule 16-15.4, Plaintiff elects ADR PROCEDURE NO. 3 wherein the parties shall participate in a private dispute resolution proceeding.

**6.  Complex Case:**

Plaintiff's position is that the instant action is not a complex case.

**7.  Discovery Plan:**

All written discovery shall be conducted in accordance with the FEDERAL RULES OF CIVIL PROCEDURE and LOCAL RULES. To the extent that discoverable information is electronically stored, the Parties shall produce such information in either its native format or Adobe Acrobat format (.pdf file format).

The parties propose that discovery be conducted in two phases with a deadline for fact (non-expert) discovery and a subsequent deadline for expert discovery.

**8.  Manner and Length of Trial:**

The parties agree to trial by jury. The parties anticipate that the estimated length of the trial will be between four (4) to five (5) days.

/ / /

/ / /

9. **Plaintiff proposes the following dates:**

    a.    Initial Disclosures:    <u>March 31, 2016</u>

    b.    Discovery Cut-Off Dates:

        (i) Fact discovery:    <u>November 30, 2016</u>

        (ii) Expert Disclosures:    <u>January 31, 2017</u>

    c.    Final Motion Cut-Off Date:    <u>March 27, 2017</u>

    d.    Pre-Trial Conference Date:    <u>April 25, 2017</u>

    e.    Trial Date:    <u>May 29, 2017</u>

Respectfully submitted,

<u>March 16, 2016</u>
Dated

Brian P. Kinder, Esq. (SBN 212332)
THE KINDER LAW GROUP, APC
19200 Von Karman, Fourth Floor
Irvine, California  92612
Telephone: (949) 216-3070
Facsimile:  (949) 216-3074
Email: bkinder@tklglaw.com
Attorney for Plaintiff